

FILED

DEC 20 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.                                                                CRIMINAL CASE NO. 2:13cr137

PERCELL BAXTER,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Percell Baxter's ("Defendant") Motion to

Suppress ("Motion"), filed on November 15, 2013, wherein Defendant requests that the Court

suppress all physical evidence and statements derived from the unlawful seizure of Defendant

that occurred on August 16, 2013. Doc. 12. The Government responded in opposition on

November 26, 2013. Doc. 13. On December 18, 2013, the Court convened a hearing and ruled

from the bench. The Court **DENIED** Defendant's Motion and now issues this Opinion and

Order, explaining its ruling.

## I. FACTUAL BACKGROUND

On October 9, 2013, Defendant was named in a one count criminal Indictment charging

him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Doc. 1.

The gun was discovered in a search following Defendant's August 16, 2013 arrest for

trespassing. The facts surrounding that arrest are disputed by the parties.

At the hearing held on December 18, 2013, the Government and Defendant both offered

witnesses that testified to the events that underlie Defendant's Motion. The Government offered

the testimony of Officers Brian Finn and Eric Ortiz of the Norfolk Police Department. The

1

Defendant took the stand, and offered the testimony of Martieka Friedman and Nadine Chambers, Defendant's close friends and eyewitnesses to the encounter, and Jeanay Oliver, Defendant's girlfriend. The Court admitted several Government and Defense Exhibits, primarily consisting of photographs depicting the general area where Defendant was arrested. See Gov't Exs. 1–7, 7a, 8, 8a, 9, and 9a; see also Def. Exs. 1–8. These sources informed the Court's understanding of the relevant facts, which are recounted below:

On August 16, 2013, Norfolk Police Officers Finn and Ortiz were in a marked car on a routine patrol along the 500 block of East Olney Road in Norfolk, Virginia. Doc. 12 at 2; Doc. 13 at 1.[1] Officer Finn testified that while driving east on Olney Road, he observed a man standing in the grass in front of Young Terrace, conversing with two women.[2] Defendant and his companions, Ms. Friedman and Ms. Chambers, offered conflicting testimony as to Defendant's location just prior to the arrest. Defendant and Ms. Chambers testified that Defendant was standing in Olney Road, while Ms. Friedman testified that Defendant was standing on the curb. Officer Finn testified that he looked back after passing the group and recognized Defendant from previous encounters.[3] He further testified that he knew that Defendant had been banned from NRHA property on at least two occasions, so he parked the patrol car, and Officer Finn and Ortiz approached Defendant. Officer Ortiz placed Defendant in handcuffs, while Officer Finn informed Defendant that he was under arrest for trespassing on NRHA property.[4] A subsequent

---

[1] This road is adjacent to the Young Terrace, a public housing community that is owned and managed by the Norfolk Redevelopment and Housing Authority ("NRHA"). Office Finn is the Community Resource Officer ("CRO") assigned to Young Terrace, and Officer Ortiz is the CRO assigned to Tidewater Gardens, a nearby NRHA property.

[2] Officer Finn also testified that that grass in front of Young Terrace is private property maintained by the NRHA. In his testimony, he also noted that the sidewalk adjacent to Young Terrace and the road are public property maintained by the City of Norfolk, a fact the Court verified with a surveyor in the City's public works department.

[3] Defendant testified that he had only encountered Officer Finn once before his August 16, 2013 arrest.

[4] Officer Finn and Ortiz testified that they immediately placed Defendant under arrest, while Defendant, Ms. Friedman, and Ms. Chambers testified that Defendant was arrested after a brief exchange, during which Officer Finn questioned Defendant about his presence at Young Terrace.

search by Officer Ortiz revealed that Defendant was carrying a nine millimeter (9mm) handgun in his waistband. Doc. 12 at 2; Doc. 13 at 1. While being transported for booking and while in front of the magistrate, Defendant made several statements regarding the incident and his criminal history. Doc. 12 at 2; Doc. 13 at 2.

## II.   LEGAL STANDARD

Defendant argues that he was arrested without a warrant or probable cause, and seeks the exclusion of all evidence derived from that arrest. The Government, by contrast, contends that the evidence in question was obtained in a search incident to a lawful arrest.[5]

"It is well-settled under Fourth Amendment jurisprudence that a police officer may lawfully arrest an individual in a public place without a warrant if the officer has probable cause to believe that the individual has committed, is committing, or is about to commit a crime." United States v. Dickey-Bey, 393 F.3d 449, 453–54 (4th Cir. 2004) (citations omitted). This extends to circumstances where an officer has probable cause to believe that "even a very minor criminal offense" was committed in his presence. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (finding sufficient probable cause to uphold warrantless arrest for Defendant who failed to wear seatbelt, as required by Texas law).

Probable cause to justify an arrest exists where "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is

---

[5] A search incident to arrest is a well-recognized exception to the warrant requirement of the Fourth Amendment. Michigan v. DeFillippo, 443 U.S. 31, 35 (1979); United States v. Robinson, 414 U.S. 218 (1973); Chimel v. California, 395 U.S. 752, 762–63 (1969). Law enforcement officers may search "the arrestee's person and the area 'within his immediate control'" following a lawful custodial arrest, provided such a search is conducted "substantially contemporaneous with the arrest." United States v. Currence, 446 F.3d 554, 556–57 (4th Cir. 2006). "The constitutionality of a search incident to an arrest does not depend on whether there is any indication that the person arrested possesses weapons or evidence. The fact of a lawful arrest, standing alone, authorizes a search." DeFillippo, 443 U.S. at 31.

3

about to commit an offense." DeFillippo, 443 U.S. at 37 (listing cases); see also Dickey-Bey, 393 F.3d at 453.

### III.   ANALYSIS

Defendant was arrested for trespassing, a misdemeanor offense in Virginia. See Va. Code § 18.2-119.[6] Given the minor nature of the offense, probable cause existed only if the facts known to Officers Ortiz or Finn at the time of Defendant's arrest were sufficient to warrant a reasonable belief that Defendant had trespassed in their presence. See DeFillippo, 443 U.S. at 37; see also Atwater, 532 U.S. at 354.

Here, the Government has credibly articulated sufficient facts to justify Defendant's warrantless arrest. Officer Finn testified that he decided to arrest Defendant for trespassing after: personally observing Defendant standing on the grass in front of Young Terrace, which is NRHA property. This testimony was corroborated by Officer Ortiz. By contrast, the testimony offered by Defense witnesses was vague and inconsistent. For example, one witness testified that Defendant stood in the street, while another testified that Defendant was standing on the curb. In isolation, this inconsistency seems minor; however, the Court also notes that Ms. Chambers' testimony regarding the frequency of Defendant's visits to Young Terrace was evasive, while Defendant openly admitted that he had trespassed there on previous occasions.

The Court **FINDS** that the testimony of Officers Finn and Ortiz is more credible than the testimony offered by witnesses for the Defense. Accordingly, the Court **FINDS** that Defendant

---

[6] Under Virginia law, any person that enters or remains "upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so . . . shall be guilty of a Class 1 misdemeanor." Va. Code § 18.2-119. An individual may be barred from entering/remaining on a property either orally, in writing, or by signs posted in a place or places where they may be reasonably seen, provided the individual barring entry is the owner, lessee, custodian of the property in question, or an agency of any such person. Id.

was standing on the grass in front of Young Terrace when he was initially observed by Officer Finn.

Officer Finn also testified that he recognized Defendant from previous encounters, and because of his experience as the CRO for Young Terrace and those previous encounters, he knew that Defendant was banned from NRHA property. Officer Ortiz testified that he was present for the previous encounters. Defendant also admitted encountering Officer Finn on one occasion a few months prior to the arrest. This testimony, combined with Officer Finn's role for the previous four years as CRO at Young Terrace is sufficient to convince the Court that Officer Finn recognized Defendant as someone who had been banned from NRHA property. That recognition, coupled with personally observing Defendant standing on NRHA property, was sufficient to justify Officer Finn's belief that Defendant committed the crime of trespass in his presence. Atwater, 532 U.S. at 354. Accordingly, the Court **FINDS** that the officers had probable cause to arrest Defendant for trespassing.

## IV.    CONCLUSION

Because Defendant was lawfully arrested for trespassing, the firearm found on his person was obtained in a search incident to arrest, and Defendant's Motion, Doc. 12, is **DENIED**. The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
_____
Henry Coke Morgan, Jr.
Senior United States District Judge

_____
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: December 20, 2013

5